IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15-CR-00254-001 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | DEFENDANT'S MOTION FOR A |
| FRANKLIN D. CONLEY, | ) | *FRANKS* HEARING AND |
| | ) | MEMORANDUM IN SUPPORT |
| Defendant. | ) | |
| | ) | (Oral Hearing Requested Herein) |
| | ) | |

NOW COMES Defendant Franklin D. Conley ("Conley"), by and through undersigned counsel, to respectfully request that this Honorable Court conduct a hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154 (1978) and Rule 12 of the Federal Rules of Criminal Procedure to remedy his unconstitutional arrest and subsequent charges brought against him.

For the reasons discussed in the attached memorandum, the arrest violated Mr. Conley's rights because the affidavit filed with the United States District Court for the Northern District of Ohio to support the issuance of the arrest warrant (the "Affidavit") omitted material facts which make statements in the warrant misleading.  Thus, the Affidavit and subsequent arrest warrant failed to establish probable cause that governmental authorities, their agents, or agents of their agents had relevant, admissible evidence to arrest Mr. Conley.  Mr. Conley attaches to this motion a true and accurate copy of the arrestwarrant and supporting Affidavit as Exhibit A.

Herein, Mr. Conley makes a substantial preliminary showing that the Affidavit in support of the warrant contained material omissions and did not give rise to sufficient evidence of probable cause to support the arrest authorized by the warrant.  As a result, this Honorable Court should conduct a *Franks* hearing in order to evaluate the Affidavit and determine whether the

Government lacked probable cause to justify Mr. Conley's arrest and subsequent charges brought against him.

Respectfully submitted,

s / Donald Butler
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone:     (216) 621-7260

*Attorney for Defendant Franklin D. Conley*

**MEMORANDUM IN SUPPORT**

The Government's theory of the case has Mr. Conley extorting Christopher Wells ("Wells") – his friend since childhood – to recover from him $175,000 that Defendant allegedly lost in a failed drug deal brokered by Wells, Wells's brother, and acquaintances.  To support its charges of extortion and conspiracy to use telecommunications to facilitate a drug offense, FBI Agent Douglas Porrini ("Agent Porrini") relied upon a selective presentation of telephone conversations between Mr. Conley and Mr. Wells to compile its affidavit in support of its arrest warrant for the Defendant.  The authorities' omission of material information from the affidavit creates the basis for this Motion.

## I.  THE ALLEGED CRIMES

In order to determine whether the Affidavit created probable cause to support the arrest warrant, the Court must review the criminal statutes allegedly violated.  The rule of lenity, along-established canon of statutory interpretation, instructs that laws that define offenses or penalties shall be strictly construed against the government and liberally construed in favor of the accused. *See, e.g.*, *United States v. Donnelley*, 276 U.S. 505 (1928).  Thus, in its consideration of the criminal accusations brought here, the Court should interpret any ambiguities in the light most favorable to Mr. Conley and against the Government.

### A.  **18 U.S.C. § 1951(a)– Exortion**

Count One of the indictment charges Mr. Conley with extortion, in violation of Section 1951(a) of Title 18 of the United States Code, to wit:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in

>violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
>(b) As used in this section –
>
>>* * *
>
>>(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

### B. 21 U.S.C. §§ 846, 843(b) – Conspiracy to Use a Communication Facility to Commit a Felony

Counts Two, Three, Four, and Six of the indictment charge Mr. Conley with conspiracy to use a communication facility to commit a felony, to wit:

>Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

>It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C. § 843(b).

## II.  DISCUSSION

### A. Standard for a *Franks* Hearing

The Fourth Amendment to the United States Constitution provides:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

The United States Supreme Court recognizes that a warrant obtained under the auspices of a false or misleading affidavit violates the Fourth Amendment. *See Franks v. Delaware*, 438 U.S. 154 (1978). To remedy these violations, the Supreme Court has detailed a procedure, referred to as a *Franks* hearing, that a court undertakes when it has reason to believe that a warrant was based on a false or misleading affidavit. *Id*. *Franks* entitles a party to challenge the validity of a warrant upon "a substantial preliminary showing that a false statement knowingly, or with reckless disregard of the truth, was included by the affiant, and the allegedly false statement is necessary to the finding of probable cause." *Id*. at 155-56.

If, at the hearing,

> the allegation of perjury or reckless disregard is established by a defendant by a preponderance of the evidence and, with the Affidavit's false statements set to one side, the Affidavit's remaining content is insufficient to establish probable cause, then the . . . warrant must be voided . . . .

*Id*.

False statements in the affidavit are not the only consideration. In addressing the veracity of the affidavit, the Supreme Court of Ohio has instructed that "omissions count as false statements if designed to mislead, or made in reckless disregard of whether they would mislead,

3

the magistrate." *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990).  Thus, failing to tell the whole truth, especially if exculpatory, can also invalidate a supporting affidavit. Furthermore, in connection with a *Franks* motion, "[a] party need not show by direct evidence that the affiant makes an omission recklessly. Rather, it is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself."*Madiwale v. Savaiko*, 117 F.3d1321 (11th Cir. 1997).

A key inquiry, then, becomes whether the corrected affidavit sufficiently supports probable cause for the issuance of a warrant. The issuing magistrate must apply a "totality of the circumstances test to probable cause issues."*United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996).  Asthe Sixth Circuit instructs:

> This test requires the magistrate to make a practical, commonsensedecision whether, given all the circumstances set forth in theaffidavit before him, including the severity and basis of knowledgeof persons supplying hearsay information that probable causeexists.

*Id*. (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)).

To merit a *Franks* hearing to challenge the validity of an arrest warrant, a defendant must make a preliminary showing of two elements.  First, a defendant must show that the affiant included – either knowingly or intentionally or with reckless disregard for the truth – a false statement in the affidavit.  *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) (quoting *Franks*, 438 U.S. at 171-72) (footnote omitted).  Second, a defendant must show that the probable cause finding would not have resulted if the affidavit had contained the omitted material.  *Id*.

For the reasons detailed below, Mr. Conley can establish that Agent Porrini's affidavit tcontained material false and misleading statements and failed to include significant exculpatory facts, known to the State, that, if considered, would have eliminated any probable cause for his arrest. As a result, Mr. Conley requests that the Court set a prompt *Franks* hearing, at which it can establish its proof of the allegations contained herein.

### B. The Affidavit

Agent Porrini's affidavit consistently omits portions of the conversations between Mr. Conley and Mr. Wells which demonstrate that Mr. Conley did not attempt to extort Mr. Wells for repayment of the $175,000, he allegedly lost in the broken drug deal with Mr. Well's acquaintance.  Instead, Mr. Conley made it clear to Mr. Wells that, while he was interested in getting his money back, he did not want any payment from his friend or family.  While the telephone conversations contained some vulgar and coarse repartee, nothing was intended to or arose to a colorable level of "extortion."

For example, throughout the May 8, 2015 telephone conversation between the Defendant and Mr. Wells, Mr. Conley did not attempt to obtain anything from him, but, rather, reassured him that he just wanted to be made whole by the drug dealer who stole his money.  The two repeatedly referenced "out your pocket," which meant that Mr. Conley did not expect Mr. Wells to pay him back, despite the fact that he was interested in recouping his $175,000.  Other portions of other telephone calls reflect this understanding between the Defendant and Mr. Wells, which he will testify to at the *Franks* hearing.  Overall, the telephone calls do not indicate that Mr. Conley sought to obtain "property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *See* 18 U.S.C. § 1951(a).Mr. Wells

5

In addition, Agent Porrini's affidavit wholly omitted the long-standing friendship between Mr. Conley and Mr. Wells.  Further, during the course of their conversations, Mr. Wells frequently admitted that he supplied Mr. Conley with the contact information for Wells's drug dealer.  Mr. Wells also repeatedly told Mr. Conley that he knew the Defendant had a good deal of baseless bluster.  *See, e.g.*, May 31, 2015 FBI Telephone Recording (Mr. Wells tells Mr. Conley that "I know the type of guy you are.  I know you all talk.").  Agent Porrini did not include any of these type of comments by Mr. Wells in the Affidavit underlying his request for Mr. Conley's arrest warrant.

Finally, Agent Porrini wholly excluded Mr. Conley's clear indications to Mr. Wells that he did not "want no problems:"

> Mr. Conley ("FC"): (UI) come up here, why you (UI) tryin to (UI) why you trying to be (UI)
>
> Mr. Wells ("CW"): N- I'm with my kids.  And my dogs.  Which is more important than you.
>
> FC: With your kids and your dogs . . . ?
>
> CW: Yes.
>
> FC: Alright.  (UI) I don't want no problems (UI)
>
> CW: Alright man.  Alright ma- so what do you keep callin for?
>
> FC: I don't want no problems.  Cuz my phone went dead (UI) fuckin (UI)
>
> CW: Alright man.
>
> FC: I- I- I don't – I don't want no problems (UI) man.
>
> CW: Right, but- y- y- you's a clown brother.
>
> FC: I don't want no problems.
>
> CW: Alright, that's fine.  You're a clown, fool.  I mean- period.

6

*Id*.

Mr. Conley will testify to this conversation – and similar exchanges – during the *Franks* hearing. Agent Porrini's affidavit did not include any mention of Mr. Conley's insistence that he did not want any problems with Mr. Wells. In fact, nothing in Agent Porrini's affidavit attempts to contextualize the relationship or exchanges between the two men; instead, with its omissions and selective focus on the elements of extortion, the Affidavit creates probable cause to arrest Mr. Conley where none existed. The Defendant deserves a *Franks* hearing in order to clarify his relationship with Mr. Wells and answer any questions that the Court may have with regard to the contents of any conversations between the two men.

## III.  CONCLUSION

The authorities committed an egregious constitutional violation of Mr. Conley's rights when they arrested him for extortion and use of telecommunications facilities to further a felony. Mr. Conley has provided this Honorable Court with sufficient grounds for it to conduct a *Franks* hearing into the veracity of the Affidavit filed to support the search warrant. Mr. Conley respectfully requests that the Court schedule the hearing as soon as practicable to remedy ongoing constitutional violations.

Respectfully submitted,

s/ Donald Butler
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone: (216) 621-2929

*Attorney for Defendant Franklin Conley*

7

## REQUEST FOR ORAL HEARING

Mr. Conley requests an oral hearing on this Motion.

s/ Donald Butler<br>
Donald Butler

## CERTIFICATE OF SERVICE

    I hereby certify that, on 15th day of April, 2016, I had served a copy of the foregoing to all parties to this matter through the Court's electronic filing system.

                                                                s/ Donald Butler
                                                                 Donald Butler

**EXHIBIT A**